1

2

3

4

5

6                             UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
7                                        AT SEATTLE

8   | ESTATE OF ADAM CHRISTOPHER |
    | JENSEN, by the Personal Representative |
9   | PAULA DOW; and PAULA DOW, an |
    | individual, | Case No.
10
                            Plaintiffs,       **COMPLAINT FOR DAMAGES FOR**
11                                            **VIOLATION OF CIVIL RIGHTS**
    v.                                        **UNDER 42 U.S.C. § 1983,**
12                                            **WASHINGTON LAW, AND THE**
    COUNTY OF SNOHOMISH, a municipal          **WASHINGTON PUBLIC RECORDS**
13  corporation; SNOHOMISH COUNTY             **ACT**
    DEPUTY SHERIFF WILLIAM WESTIK,
14  and his marital community; SNOHOMISH      **[JURY TRIAL DEMANDED]**
    COUNTY DEPUTY SHERIFF KEVIN
15  PELLEBOER, and his marital community;
    SNOHOMISH COUNTY SHERIFF'S
16  SERGEANT CHAD GWORDSKE, and his
    marital community; EVERETT CITY
17  POLICE DEPARTMENT, a municipal
    corporation; "DOE(S) 1-100", employees of
18  the COUNTY OF SNOHOMISH and/or
    EVERETT CITY POLICE DEPARTMENT;
19  and "CORPORATION(S) XYZ 1-100,"

20                          Defendants.

21

22

23

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE**
**WASHINGTON PUBLIC RECORDS ACT - 1**
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    COME NOW Plaintiffs Estate of Adam Christopher Jensen and Paula Dow by and

2    through their attorneys of record, Ada K. Wong and Jordan T. Wada of AKW Law, P.C., and

3    allege as follows:

## I.    __INTRODUCTION__

5    1.    This is a civil action for damages brought by the Estate of Adam Christopher

6    Jensen and Paula Dow against County of Snohomish, Washington (hereinafter "Snohomish

7    County") and its law enforcement officers employed by the Snohomish County Department of

8    the Sheriff, whom through their intentional conduct and reckless conscious disregard for the

9    Fourth and Fourteenth Amendments, used excessive force when Adam Christopher Jensen was

10   shot and killed, causing him to suffer deprivation of his civil and constitutional rights.  In so

11   doing, Defendants have violated Washington state law, and in addition, Defendants Snohomish

12   County and Everett City Police Department have withheld duly requested public records

13   related to the foregoing in violation of the Washington Public Records Act.

## II.    __JURISDICTION__

15   2.    The jurisdiction of this Court over this Complaint is invoked pursuant to the

16   provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4) for Plaintiffs' federal

17   constitutional claims, which derive from the provisions of 42 U.S.C §§ 1983 and 1988 and the

18   Constitution of the United States, specifically the Fourth and Fourteenth Amendments thereto,

19   and pursuant to 28 U.S.C. § 1367 for their state law tort claims and Public Records Act claims.

## III.    __VENUE__

21   3.    All of the unlawful acts and practices alleged herein occurred in Snohomish

22   County, Washington. The Western District of Washington, Seattle Courthouse is the

23   appropriate forum for this matter.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 2**
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## IV.   **PARTIES**

4.      Plaintiff Paula Dow is a citizen of the United States and a resident of Snohomish, Snohomish County, Washington.

5.      Paula Dow is the Court Appointed Personal Representative of the Estate of Adam Christopher Jensen, who was born on ███████, and died on September 9, 2018 when Defendants shot and killed him.

6.      Paula Dow is the mother of Adam Christopher Jensen.

7.      Defendant Snohomish County is now, and at all times relevant hereto was, a municipal corporation and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington with the right to sue and be sued in its own stead. Snohomish County controls the nature of the work of the individual Defendants, who are employees of the Snohomish County Department of the Sheriff. The civil rights violations enumerated herein were proximately caused by the individual Defendants and Snohomish County, as authorized by their customs, policies, practices, usages, and the decision of their policymakers.

8.      Defendant Deputy Sheriff William Westik is, or was at all times relevant hereto, an employee of Snohomish County and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Department of the Sheriff.

9.      Defendant Deputy Sheriff Kevin Pelleboer is, or was at all times relevant hereto, an employee of Snohomish County and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Department of the Sheriff.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 3**
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    10.    Defendant Sheriff's Sergeant Chad Gwordske is, or was at all times relevant

2    hereto, an employee of Snohomish County and, in doing the things complained of herein, was

3    acting under color of law and within the course and scope of his employment by the Snohomish

4    County Department of the Sheriff.

5    11.    Defendant Everett City Police Department is now, and at all times relevant

6    hereto was, a municipal corporation, and an agency as defined in RCW 42.56.010, subject to

7    the Public Records Act, RCW 42.56 *et seq.*  Defendant Everett City Police Department is now,

8    and at all times relevant hereto was, responsible for the actions of its employees including in

9    responding to requests for records under the PRA pursuant to RCW 42.56.550 and *respondeat*

10   *superior*.

11   12.    Defendant "Doe(s) 1-100" and "Corporations XYZ 1-100" are persons and

12   entities, respectively, involved with Snohomish County and/or Everett Police Department who

13   were involved in the unconstitutional reckless, wanton, unreasonable, and intentional acts

14   and/or Washington Public Records Act violation described herein.  These persons and entities

15   are currently unknown to Plaintiff.  Upon discovery of their identities, Plaintiffs reserve the

16   right to add them as Defendants in this cause of action.

17   13.    Each Defendant is, and at all times herein mentioned was, an agent of the other

18   and acting within the course and scope of that agency in causing the harm as herein alleged.

19   ## V.    PROCEDURAL REQUIREMENTS

20   14.    On or about June 11, 2020, Plaintiffs filed Tort Claim No. R18-001045 ("Tort

21   Claim") with the Snohomish County Risk Manager.  More than 60 days have elapsed since

22   service of the Tort Claim, to which Snohomish County has not provided a substantive response.

23   Therefore, Plaintiffs have met the statutory requirement to proceed with filing the lawsuit.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 4**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## VI.   STATEMENT OF FACTS

15.   Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1 through 14, above.

16.   On September 9, 2018, in Stanwood, Washington, while acting under the color of state law, a Defendant Snohomish County Deputy shot and killed Decedent Adam Jensen.

17.   The identity of the Snohomish County Deputy who shot and killed Decedent Jensen is unknown, and he will hereinafter be referred to as the "Shooting Deputy."

18.   Defendants Deputy Sheriff William Westik (hereinafter "Deputy Westik"), Deputy Sheriff Kevin Pelleboer (hereinafter "Deputy Pelleboer"), and Sheriff's Sergeant Chad Gwordske (hereinafter "Sergeant Gwordske") were present when the Shooting Deputy shot and killed Decedent Jensen.

**Decedent Adam Jensen's Home**

19.   In September 2018, 43-year-old Adam Christopher Jensen lived with his girlfriend Isabella Craig and her three children in a two-story townhome, located at 7092 Port Susan Place, Stanwood, Washington 98298 (hereinafter "Decedent's Home").

20.   On the ground level of Decedent's Home is the kitchen and living room.  A staircase leads to the second level, where the master bedroom is at the end of a hallway. Smaller bedrooms where the children slept are also upstairs, accessible through the hallway.

21.   On September 8, 2018, Decedent Jensen and Ms. Craig were working on home improvement projects together.

22.   In the early hours on September 9, 2018, Decedent Jensen was with Ms. Craig, in the master bedroom of Decedent's Home.

23.   Also present at Decedent's Home were Ms. Craig's three minor children.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 5
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

24.     Decedent Jensen had previously been diagnosed with and struggled with bipolar disorder.

25.     That evening, Decedent Jensen and Ms. Craig had a disagreement.

26.     In hopes of deescalating the situation, Ms. Craig called 9-1-1 around 2:40 a.m. and reported the incident.

**A Snohomish County Deputy Shot and Killed Adam Christopher Jensen**

27.     Shortly after Ms. Craig called 9-1-1, three law enforcement officers from Defendant Snohomish County's Department of the Sheriff arrived at Decedent's Home.

28.     The following three law enforcement officers from Defendant Snohomish County's Department of the Sheriff arrived at Decedent's Home that night: Sergeant Chad Gwordske (ID No. 1318), Deputy Kevin Pelleboer (ID No. 1554), and Deputy William Westik (ID No. 1629) (collectively "Defendant Sheriffs").

29.     Ms. Craig came downstairs and answered the front door while Decedent Jensen remained in the master bedroom.

30.     Ms. Craig allowed two of the Defendant Sheriffs to enter the residence and led them upstairs.

31.     The third Defendant Sheriff (hereinafter "Bystander Deputy") entered the residence shortly thereafter.

32.     After Ms. Craig led the first of the two Defendant Sheriffs who had arrived up the staircase, they trailed shortly behind her as she approached the top of the stairs.

33.     As Ms. Craig turned around to the hallway, she saw that the two deputies each had a weapon drawn.  She became frightened and entered her son's bedroom to the side of the hall.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 6
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

34.     Decedent Jensen walked slowly out of the master bedroom.  He did not move quickly, he did not say anything.  He did not pose a threat to any person.

35.     Within seconds after Decedent Jensen walked out of the master bedroom, one of the three Defendant Sheriffs deployed a taser on Decedent Jensen.

36.     The taser projectile sank into Decedent Jensen's right thigh.

37.     The identity of the Snohomish County Deputy who deployed his taser on Decedent Jensen is unknown, and he will hereinafter be referred to as "Tasing Deputy."  It is unknown whether the Tasing Deputy is also the Shooting Deputy or a different Defendant Sheriff.

38.     Immediately, the Shooting Deputy used his handgun and shot Decedent Jensen four times.

39.     Decedent Jensen suffered three gunshot wounds to his chest, and one gunshot wound to his left foot.

40.     While the Shooting Deputy was shooting Decedent Jensen, Ms. Craig remained inside her son's bedroom to the side of the hall.

41.     One of the bullets that was fired by the Shooting Deputy shot through the floorboards near Ms. Craig's sleeping daughter. The bullet continued through the ceiling between the top and bottom floors, and into the living room couch on the bottom floor.

42.     Mortally wounded by the Shooting Deputy's gunshots, Decedent Jensen collapsed and fell down the staircase, groaning in pain.

43.     None of the Defendant Sheriffs provided Decedent Jensen any assistance after he fell down the stairs.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 7**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

44.     As Decedent Jensen laid at the bottom of the staircase dying, one of the Defendant Sheriffs stepped over him.

45.     The three Defendant Sheriffs stood in the living room near the foot of the staircase, but none attempted to give Decedent Jensen emergency medical care.

46.     Decedent Jensen continued to breathe heavily.  Then, he fell silent.

47.     One of the Defendant Sheriffs then stated, "he's gone."

48.     Decedent Jensen did not receive any emergency medical treatment.

49.     Decedent Jensen died at the foot of the stairs in his home.

50.     The fire department later evacuated Ms. Craig and her three children from Decedent's Home by having them leave through a window upstairs.

**Officers Deleted Video Recordings of the September 9, 2018 Shooting**

51.     Prior to September 8, 2018, Ms. Craig had set up a video recording camera in the corner of the ground floor living room of Decedent's Home for the main purpose of monitoring her children.

52.     Ms. Craig's living room video camera records audio and video 24 hours per day, including on September 9, 2018.

53.     That same day, two law enforcement officers, a male and a female, went to the hotel Ms. Craig was staying at and asked to review the video footage from her laptop.

54.     These officers are believed to be Special Operations Division Detective N. Stone of the City of Mukilteo Police Department and Detective Joseph Klingman of the Everett Police Department.

55.     These officers then took Ms. Craig's laptop out of her sight, and upon information and belief, downloaded the video recordings for that day.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 8
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

56.     These officers then coerced Ms. Craig into giving them her username and password for the cloud storage where the video recordings were stored.

57.     These officers and/or Defendants deleted the September 9, 2018 video recordings from Ms. Craig's cloud storage system.

58.     Upon information and belief, these officers were acting on behalf or under the instruction of Defendant Snohomish County and/or that Defendant Snohomish County ratified their actions of deleting the video footage from September 9, 2018 from Ms. Craig's cloud storage system.

59.     As a result of the deletion of the September 9, 2018 recordings, Plaintiffs are deprived of important evidence regarding the shooting death of Decedent Jensen.

60.     It was known to Defendant Snohomish County at the time that its employees and/or agents deleted the September 9, 2018 recordings that this would be important evidence.

**<u>Decedent Jensen Suffered Damages as a Result of Snohomish County Deputies' Actions</u>**

61.     Decedent Adam Jensen suffered extreme pain and suffering as a result of being tasered by the Tasering Deputy and shot four times by the Shooting Deputy.

62.     Decedent Jensen further suffered due to the Defendant Sheriffs standing aside as he fell down the stairs.

63.     Decedent Jensen further suffered as he laid at the bottom of the stairs breathing heavily while the Defendant Sheriffs did not make any attempt to render him medical aid.

64.     Decedent Jensen further suffered as he laid at the bottom of the stairs and passed away while the Defendant Sheriffs did not make any attempt to render him medical aid, and instead just stepping over him.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 9**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

65.     Decedent Jensen posed no threat to the Snohomish County Sheriff's Deputies, when he was tased, shot and killed in his own home.

66.     As a direct and proximate result of Defendant Sheriffs' acts and omissions, Decedent Jensen suffered economic and noneconomic damages.

**Plaintiff Paula Dow Has Suffered Damages as a Result of Snohomish County Deputies' Actions**

67.     Plaintiff Paula Dow has suffered immensely due to the September 9, 2018 shooting death of her son, Decedent Jensen.

68.     Plaintiff Dow has lost the companionship, society, and familiar relationship of her son.

69.     Following the cold-blooded shooting of her son, by Snohomish County Deputies, on September 9, 2018, Plaintiff Dow suffered severe mental anguish and mental and emotional distress.

70.     Plaintiff Dow has experienced extreme anxiety, fear, anger, and loss from her son's sudden and unnecessary death.

71.     Following her son's death, Plaintiff Dow became isolated and withdrawn.

72.     As a direct and proximate result of Defendant Sheriffs' acts and omissions, Plaintiff Dow has suffered economic and noneconomic damages.

**Defendant Snohomish County's Department of the Sheriff Has Not Timely Responded With Full Productions to Plaintiff Dow's Public Records Requests**

73.     On March 15, 2019, Plaintiff Dow, through her attorney, submitted a written request for public records to Snohomish County Sheriff pursuant to RCW 42.56 *et seq.* Plaintiff Dow requested: (1) any and all documents, including but not limited to reports, investigations, medical reports, superforms, booking sheets, dispatch logs, call logs, CAD,

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 10**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

notes, memorandum, correspondence, audio or video records, dispatch records, emails, intake forms, letters, photographs, dash camera recording, body camera recording, witness statements, text or voice messages, photographs, diagrams, sketches, incident reports, etc. related to the incident that occurred on or around 9/9/2018, relating to, referring to, and/or regarding Adam Christopher Jensen.  We are also seeking any and all attachments and files to the requested documents," (2) "a copy of the full investigation file regarding and/or related to Adam Christopher Jensen for the incident that occurred on or around 9/9/2018," (3) the complete employment files "for the three officers at the scene of the shooting and/or involved in the incident," and (4) "a copy of the autopsy report, including any and all attachments, notes, memorandum, recordings, correspondence, statements, and documents regarding Adam Christopher Jensen."

74.     On May 6, 2019, Plaintiff Dow, through her attorney, followed up on her March 15, 2019 written request for public records with the Snohomish County Sheriff.

75.     On March 2, 2020, Plaintiff Dow, through her attorney, again followed up on her March 15, 2019 written request for public records with the Snohomish County Sheriff.

76.     On March 3, 2020, Plaintiff's attorney's office had a phone conference with an employee of the Snohomish County Sheriff to inquire about the status of Plaintiff's March 15, 2019 public records request.

77.     On March 4, 2020, Plaintiff's attorney's office again followed up on her March 15, 2019 written request for public records with the Snohomish County Sheriff.

78.     On March 17, 2020, Plaintiff's attorney's office again followed up on her March 15, 2019 written request for public records with the Snohomish County Sheriff.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 11
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

79.     On March 30, 2020, Plaintiff Dow, through her attorney's office, again followed up on her March 15, 2019 written request for public records with the Snohomish County Sheriff.

80.     On April 28, 2020, Plaintiff Dow, through her attorney's office, again followed up on her March 15, 2019 written request for public records with the Snohomish County Sheriff.

81.     The Snohomish County Department of the Sheriff is a department of Defendant Snohomish County.

82.     Defendant Snohomish County's most recent partial installment of documents responsive to Plaintiff's March 15, 2019 written request for public records was produced on August 12, 2020.

83.     To date, Defendant Snohomish County has not provided all non-exempted documents responsive to Plaintiff Dow's public records requests.

84.     Defendant Snohomish County has not produced all responsive documents, including but not limited to, police reports, incident reports, superforms, photos, and investigations regarding the incident that were created by or that regard Sergeant Chad Gwordske (ID No. 1318), Deputy Kevin Pelleboer (ID No. 1554), and Deputy William Westik (ID No. 1629), or their supervisors.

85.     Defendant Snohomish County has not produced the requested records in a reasonable time or provided a reasonable timetable for producing the records.

86.     Defendant Snohomish County's intentional withholding of records responsive to Plaintiff Dow's Public Records Act has deprived Plaintiffs of important evidence regarding the shooting death of Decedent Jensen and violated RCW 42.56 *et seq.*

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 12**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**Defendant Everett City Police Department Has Not Timely Responded With Full Productions to Plaintiff's Public Records Requests**

87.     On March 17, 2020, Plaintiff Dow, through her attorney, submitted a written request for public records to Everett City Police Department pursuant to RCW 42.56 *et seq.* Plaintiff Dow requested: (1) "any and all documents, including but not limited to reports, investigations, medical reports, superforms, booking sheets, dispatch logs, call logs, CAD, notes, memorandum, correspondence, audio or video records, dispatch records, emails, intake forms, letters, photographs, dash camera recording, body camera recording, witness statements, text or voice messages, photographs, diagrams, sketches, incident reports, etc. related to the incident that occurred on or around 9/9/2018, relating to, referring to, and/or regarding Adam Christopher Jensen," (2) "a copy of the full investigation file regarding and/or related to Adam Christopher Jensen for the incident that occurred on or around 9/9/2018," and (3) "a copy of the autopsy report, including any and all attachments, notes, memorandum, recordings, correspondence, statements, and documents regarding Adam Christopher Jensen."

88.     On March 17, 2020, Plaintiff Dow, through her attorney, submitted a separate written request for public records to Everett City Police Department pursuant to RCW 42.56 *et seq.*  Plaintiff Dow requested the complete employment files "for the three officers at the scene of the shooting and/or involved in the incident" and referencing "the incident that occurred on or around 9/9/2018 involving Adam Christopher Jensen."

89.     Defendant Everett City Police Department's most recent partial installment of documents responsive to Plaintiff's March 17, 2020 written request for public records was produced on April 29, 2020.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 13
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

90.     To date, Everett City Police Department has not provided all non-exempt documents responsive to Plaintiff Dow's public records requests.

91.     Defendant Everett City Police Department has not produced all the requested documents, including but not limited to, police reports, incident reports, superforms, photos, and investigations regarding the incident that were created by or that regard Sergeant Chad Gwordske (ID No. 1318), Deputy Kevin Pelleboer (ID No. 1554), and Deputy William Westik (ID No. 1629), or their supervisors.

92.     Defendant Everett City Police Department has not produced the requested records in a reasonable time or provided a reasonable timetable for producing the records.

93.     Defendant Everett City Police Department's intentional withholding of records responsive to Plaintiff Dow's Public Records Act has deprived Plaintiffs of important evidence regarding the shooting death of Decedent Jensen and violated RCW 42.56 *et seq.*

**Use of Deadly Force**

94.     Pursuant to Snohomish County Sheriff's Office Law Enforcement Policy Manual Policy #300, deputies shall use only that amount of force that reasonably appears necessary, given the facts and circumstances perceived by the deputy at the time of the event, to effectively bring an incident under control.

95.     Pursuant to Snohomish County Sheriff's Office Law Enforcement Policy Manual Policy #300.3, a deputy may use deadly force to protect himself/herself or others from what he/she reasonably believes would be an imminent threat of death or serious bodily injury.

96.     Defendant Shooting Deputy was not authorized to use deadly force because there was no need to shoot Decedent Jensen at all – nevertheless four times. There was no

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 14**
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

objectively reasonable basis to believe that Decedent Jensen posed any imminent threat of death or serious bodily injury to the Defendant Sheriffs or any other person.

97.     A contributing cause of Decedent Jensen's death and his mother's loss of companionship with him and the violation of their federal constitutional rights was the unconstitutional policies, practices, and operating procedures of Defendant Snohomish County Sheriff's Office.

**Defendants' Refusal and Failure to Follow Procedures, Unreasonable Escalation/Lack of Deescalation of the Situation**

98.     Throughout the incident, the Defendant Sheriffs unnecessarily escalated the situation and/or had opportunities to deescalate the situation and act responsibly and consistently with clearly-articulated, reasonable police procedures.

99.     Defendant Sheriffs made no attempt to deescalate the contact with Decedent Jensen, but instead rapidly escalated the encounter through their actions and immediately using deadly force.

100.     There was no justifiable reason to tase, shoot, and kill Decedent Jensen.

101.     Defendant Sheriffs' use of excessive and deadly force against Decedent Jensen was not reasonable because he did not pose any imminent threat of death or serious bodily injury to the Defendant Sheriffs or any other person.

102.     A contributing cause of Plaintiffs' injuries described herein and the violation of his federal constitutional rights was the unconstitutional policies, practices, and operating procedures of the Snohomish County Department of the Sheriff.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 15
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

103. As a result of Defendants' deliberate and reckless actions, Plaintiffs suffered physical harm, severe mental and emotional distress, economic damages, and the death of Decedent Jensen.

## VII.   FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT – UNREASONABLE SEIZURE)**
**(AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER, SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)**

104. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1 through 103, above.

105. The actions of Defendant Sheriffs in using excessive force upon Decedent Jensen deprived him of his Fourth Amendment rights to be free from unreasonable seizure in violation of 42 U.S.C. § 1983.

106. Defendant Sheriffs, and each of them, subjected Decedent Jensen to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

107. The direct and proximate result of Defendants' acts is that Decedent Jensen was forced to endure economic and non-economic damages, and deprivation of his Constitutional right to be free from excessive and deadly force.

108. Damages include deprivation of Decedent Jensen's life and pre-death pain and suffering.

## SECOND CAUSE OF ACTION

**(42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT – UNREASONABLE USE OF EXCESSIVE AND DEADLY FORCE)**
**(AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER,**

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 16**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    **SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)**

2        109.    Plaintiffs hereby incorporate by reference all allegations contained in

3    paragraphs 1 through 108, above.

4        110.    The actions of Defendant Sheriffs, as detailed above, deprived Decedent Jensen

5    of his Fourth Amendment rights to be free from unnecessary, unreasonable, and excessive uses

6    of force including deadly force in violation of 42 U.S.C. § 1983.

7        111.    Defendant Sheriffs subjected Decedent Jensen to such deprivations by malice

8    and a reckless and conscious disregard of his rights for which an award of punitive damages is

9    warranted.

10       112.    The direct and proximate result of Defendants' acts is that Decedent Jensen was

11   forced to endure economic and non-economic damages, and deprivation of his Constitutional

12   right to be free from excessive and deadly force.

13       113.    Damages include deprivation of Decedent Jensen's life and pre-death pain and

14   suffering.

15       **THIRD CLAIM FOR RELIEF**

16   **(42 U.S.C. § 1983 – FAILURE TO PREVENT CIVIL RIGHTS VIOLATION/**
     **FAILURE TO INTERVENE)**
17   **(AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER,**
     **SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)**
18

19       114.    Plaintiffs hereby incorporate by reference all allegations contained in

20   paragraphs 1 through 113, above.

21       115.    By and through Defendants' conduct and under color of law, during the

22   constitutional violations described herein, one or more of the Defendants had the opportunity

23   to intervene to prevent the violation of Plaintiffs' constitutional rights but failed to do so.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 17**
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

116.     The direct and proximate result of Defendants' acts is that Decedent Jensen was forced to endure economic and non-economic damages, and deprivation of his Constitutional right to be free from excessive and deadly force.

117.     Defendants had a reasonable opportunity to prevent this harm but failed to do so.

## FOURTH CLAIM FOR RELIEF

### (U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT)
### (AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER, SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)

118.     Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1 through 117, above.

119.     Defendant Shooting Deputy and/or other Defendant Snohomish County Sheriff Deputies violated 42 U.S.C. § 1983 and Plaintiff Dow's United States Constitution Fourteenth Amendment rights to enjoy the companionship and society with her adult child, Decedent Adam Jensen.

120.     By virtue of the facts set forth above, all these defendants are liable for compensatory and punitive damages for the deprivation of the civil rights, defined as the liberty interests of Plaintiff Dow for the loss of companionship and society of her adult child, Decedent Adam Jensen, guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

### (ASSAULT AND BATTERY)
### (AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER, SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)

121.     Plaintiffs hereby incorporate by reference all allegations contained in

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 18
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   paragraphs 1 through 120, above.

2   122.   Defendant Sheriffs acted with the intent to cause an apprehension of harmful or

3   offensive contact, and did in fact cause offensive contact, with Decedent Jensen including

4   killing him as described above.

5   123.   The direct and proximate result of Defendants' acts is that Decedent Jensen was

6   forced to endure economic and non-economic damages, and deprivation of his Constitutional

7   right to be free from excessive and deadly force.

8   124.   All Defendants are liable for said conduct under both vicarious liability and on

9   an agency relationship.

10   125.   All Defendants subjected Decedent Jensen to such deprivations with malice and

11   a reckless and conscious disregard of his rights for which an award of punitive damages is

12   warranted.

13   126.   At no time did Decedent Jensen consent or acquiesce to any of Defendants' acts

14   alleged above.

15   **SIXTH CLAIM FOR RELIEF**

16   **(WRONGFUL DEATH)**
    **(AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER,**

17   **SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)**

18   127.   Plaintiffs hereby incorporate by reference all allegations contained in

19   paragraphs 1 through 126, above.

20   128.   As a proximate cause of the Defendants' wrongful acts and/or omissions,

21   Decedent Jensen was deprived of his life.  Decedent Jensen and his statutory beneficiaries have

22   sustained economic and non-economic damages, including past and future medical expense,

23   past and future lost income or earning capacity, loss of consortium, emotional distress, grief,

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE**
**WASHINGTON PUBLIC RECORDS ACT - 19**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   loss of enjoyment of life, inconvenience, mental anguish, the destruction of the spousal and

2   child-parent relationships, and pain and suffering and in amounts to be proven at trial.

3        129.    As a proximate cause of the Defendants' wrongful acts and/or omissions, the

4   Estate of Adam Jensen of has sustained economic and non-economic damages.

5        130.    All Defendants are liable for said conduct under both vicarious liability and on

6   an agency relationship.

7                          **SEVENTH CLAIM FOR RELIEF**

8                                  **(NEGLIGENCE)**
    **(AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER,**
9        **SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)**

10       131.    Plaintiffs hereby incorporate by reference all allegations contained in

11   paragraphs 1 through 130, above.

12       132.    Defendant Snohomish County, through its Sheriffs, owes a duty of care to the

13   residents of Snohomish County, including Decedent Jensen, to not cause unnecessary

14   foreseeable harm in the course of law enforcement interactions, including the use of excessive

15   or deadly force.

16       133.    Defendant Sheriffs, acting as agents of Snohomish County, breached that duty

17   of care by engaging in a course of conduct that unreasonably escalated the encounter to the use

18   of excessive and deadly force.

19       134.    Defendant Snohomish County was negligent in allowing its employees to

20   detain, assault, and use unreasonable force on Decedent Jensen, which caused him harm.

21       135.    Defendant Snohomish County was negligent in failing to properly supervise its

22   employees, in failing to properly train Sheriffs in the use of appropriate force and in failing to

23   properly adopt protocols on the appropriate and lawful use of force.

---

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 20**
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    136.    As discussed above, Defendant Sheriffs and Snohomish County are liable to

2    Plaintiffs for damages caused by their negligence.

3    **EIGHTH CLAIM FOR RELIEF**

4    **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE)**
     **(AGAINST DEFENDANTS DEPUTY WESTIK, DEPUTY PELLEBOER,**

5    **SERGEANT GWORDSKE, AND SNOHOMISH COUNTY)**

6    137.    Plaintiffs hereby incorporate by reference all allegations contained in

7    paragraphs 1 through 136, above.

8    138.    Defendant Sheriffs' actions, by their use of excessive force sufficient to cause

9    severe damage to Decedent Jensen's person, namely shooting him to death, were extreme and

10   outrageous, and were done with the intention of inflicting severe emotional distress upon

11   Plaintiffs, or were done with reckless disregard as to whether such acts would cause Plaintiffs

12   severe emotional distress.

13   139.    Defendants knew or should have known that the actions being taken would

14   cause emotional distress. Any reasonable person would know that the actions and conduct

15   alleged herein would cause emotional distress to another.

16   140.    Defendants and their agents and employees had a duty to refrain from or stop

17   such actions and have failed to do so, causing harm to Plaintiffs.

18   141.    As a proximate cause of the Defendants' wrongful acts and/or omissions,

19   Plaintiffs have sustained economic and non-economic damages.

20   **NINTH CLAIM FOR RELIEF**

21   **(NEGLIGENT HIRING AND SUPERVISION/FAILURE TO TRAIN)**
     **(AGAINST DEFENDANT SNOHOMISH COUNTY)**

22

23

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE**
**WASHINGTON PUBLIC RECORDS ACT - 21**
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

142.    Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1 through 141, above.

143.    Defendants owed a duty of reasonable and ordinary care to Plaintiffs.

144.    Plaintiffs are informed and believe and thereon allege that, in doing the acts alleged herein, Defendant Snohomish County knew, or in the exercise of reasonable diligence should have known, that Defendant Sheriffs were unfit to be Snohomish County Sheriff's Deputies.  Defendant Snohomish County failed to provide the appropriate background checks, training, and/or supervision of Defendant Sheriffs which would have likely prevented them from committing the very types of acts that they are accused of doing.

145.    Defendant Snohomish County failed to implement a system with sufficient guidelines, policies, or procedures to ensure that the employees it hired, retained, and/or promoted were adequately vetted and/or screened, and failed to properly supervise and train its employees.

146.    The direct and proximate result of Defendants' acts is that Decedent Jensen was forced to endure economic and non-economic damages, including death.

**TENTH CLAIM FOR RELIEF**

**(RCW 42.56.550 – VIOLATION OF WASHINGTON PUBLIC RECORDS ACT) (AGAINST DEFENDANTS SNOHOMISH COUNTY AND EVERETT CITY POLICE DEPARTMENT)**

147.    Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1 through 146, above.

148.    Plaintiff Dow made requests pursuant to the Public Records Act, RCW 42.56 *et seq.* ("PRA") regarding key issues in this matter.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 22
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

149. Defendants Snohomish County and Everett City Police Department unreasonably failed to comply with its duty to timely provide all records responsive to Plaintiff's PRA requests, even months after the requests.

150. Plaintiff Dow requests an Order directing Defendants Snohomish County and Everett City Police Department to show cause why it failed to produce all responsive records in response to Plaintiff's PRA request.

151. Plaintiff Dow requests an Order that Defendants Snohomish County and Everett City Police Department immediately conduct a reasonable search for, and produce any and all documents to which no exemption applies, that it has not disclosed to date.

152. Plaintiff Dow requests an Order that Defendants Snohomish County and Everett City Police Department each produce a detailed privilege log for all documents that are responsive to Plaintiff's PRA requests which Defendants Snohomish County and Everett City Police Department have withheld. Plaintiff requests the privilege log explain how each entry's claimed exemption(s) apply to each withheld record.

153. Plaintiff Dow requests the Court to conduct an *in camera* review of all withheld responsive documents withheld by Defendants and to make a determination of whether the listed exemption(s) protects each record from disclosure.

154. Pursuant to RCW 42.56.550(4), Plaintiff Dow requests penalties be assessed against Defendants Snohomish County and Everett City Police Department for all records that were wrongfully withheld.

155. Pursuant to RCW 42.56.550(4), Plaintiff Dow requests reasonable attorney's fees and costs.

## **ELEVENTH CLAIM FOR RELIEF**

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE WASHINGTON PUBLIC RECORDS ACT - 23
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1      (*RESPONDEAT SUPERIOR*)

2      156.    Plaintiffs hereby incorporate by reference all allegations contained in

3  paragraphs 1 through 155, above.

4      157.    In doing the things alleged herein, Defendant Sheriffs were acting within the

5  course and scope of their employment with Snohomish County.  Defendant Snohomish County

6  is therefore jointly and severally liable for the conduct of Defendant Sheriffs and damages.

7      VIII.   <u>**PRAYER FOR RELIEF**</u>

8      WHEREFORE, Plaintiffs pray that the Court enter a judgment against Defendants on

9  their behalf for the following:

10      A.      Special damages;

11      B.      General damages, including but not limited to physical, mental, and emotional

12  injury resulting from the acts and omissions complained of herein in an amount according to

13  proof at trial;

14      C.      Punitive damages from individual Defendants on Plaintiff's claims under 42

15  U.S.C. § 1983;

16      D.      Attorney's fees and costs under 42 U.S.C. § 1988 and to the extent otherwise

17  permitted by law as determined by this Court;

18      E.      Any and all applicable interest on the judgment, including pre-judgment

19  interest;

20      F.      Compensation for any tax penalty associated with recovery;

21      G.      Should a judgment be entered against Snohomish County, Plaintiff requests

22  injunctive relief so that the policies, practices, and customs of the Sheriff's Office that led to

23  the harm suffered by Plaintiff can be reformed to prevent further damage to the community in

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE
WASHINGTON PUBLIC RECORDS ACT - 24
*ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  the future;

2      H.      That the jury be instructed at time of trial that Defendant Snohomish County's

3  conduct in spoliation of the September 9, 2018 recordings may be considered as tending to

4  corroborate Plaintiffs' case and to discredit its own;

5      I.      For such other and further sanctions for spoliation against Defendant

6  Snohomish County under Federal Rule of Civil Procedure 37 and the Court's inherent powers

7  as the Court deems just and equitable;

8      J.      An Order directing Defendants Snohomish County and Everett City Police

9  Department to show cause why it failed to produce all responsive records in response to

10 Plaintiff's PRA request;

11     K.      An Order that Defendants Snohomish County and Everett City Police

12 Department immediately conduct a reasonable search for, and produce any and all documents

13 to which no exemption applies, that it has not disclosed to date;

14     L.      An Order that Defendants Snohomish County and Everett City Police

15 Department each produce a detailed privilege log for all documents that are responsive to

16 Plaintiff's PRA requests which Defendants Snohomish County and Everett City Police

17 Department have withheld.  Plaintiff requests the privilege log explain how each entry's claimed

18 exemption(s) apply to each withheld record;

19     M.      The Court to conduct an *in camera* review of all withheld responsive documents

20 withheld by Defendants and to make a determination of whether the listed exemption(s) protects

21 each record from disclosure;

22     N.      Penalties and attorney's fees for all records that were wrongfully withheld under

23 RCW 42.56.550; and

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE**
**WASHINGTON PUBLIC RECORDS ACT - 25**
*ESTATE OF JENSEN, ET AL. v. COUNTY OF SNOHOMISH, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1     O.     For such other and further relief as this Court deems just and equitable.

2   **DATED** September 4, 2020.

3                                              **AKW LAW, P.C.**

4

5                                              _____

6                                              Ada K. Wong, WSBA #45936
                                               Jordan T. Wada, WSBA #54937

7                                              Attorneys for Plaintiffs
                                               6100 219th St. SW, Suite 480

8                                              Mountlake Terrace, WA 98043
                                               Tel.: (206) 259-1259

9                                              Fax: (855) 925-9529
                                               E-mail: ada@akw-law.com

10                                             E-mail: jordan@akw-law.com

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS                    **AKW LAW, P.C.**
UNDER 42 U.S.C. § 1983, WASHINGTON LAW, AND THE                       6100 219th St. SW, Suite 480
WASHINGTON PUBLIC RECORDS ACT - 26                                    Mountlake Terrace, WA 98043
_ESTATE OF JENSEN, ET AL. V. COUNTY OF SNOHOMISH, ET AL._             Tel. (206) 259-1259 / Fax (855) 925-9529